IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE A. FETCH | : | Case No. 2:17-cv-569 |
| 328 East Beaumont Road | | |
| Columbus, OH 43214, | : | |
|      Plaintiff, | : | Judge _____ |
| v. | : | |
| AETNA LIFE INSURANCE COMPANY | : | Magistrate Judge_____ |
| 151 Farmington Avenue | | |
| Hartford, CT 06156, | : | |
|      Defendant. | : | |

**COMPLAINT**
**Jury Demand Endorsed Hereon**

For her Complaint against the Defendant, Aetna Life Insurance Company, the Plaintiff, Julie A. Fetch, states as follows:

**Parties**

1. The Plaintiff, Julie A. Fetch, is a former employee of Ohio Dominican University ("ODU"). She is an intended third-party beneficiary of a group insurance policy ("Policy") purchased by ODU for the purpose, *inter alia*, of providing short-term and long-term disability benefits.

2. The Defendant, Aetna Life Insurance Company ("Aetna") is, under the terms of Group Policy No. GP-849411-GID, the insurer of the disability benefits that are at issue in this case.

## Jurisdiction and Venue

3. The Plaintiff is a citizen of Ohio and the Defendant is a citizen of a state other than Ohio and the amount in controversy exceeds the jurisdictional amount. Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. §1332.

4. The Defendant conducts business and administers, in part, its benefits throughout counties in Southern and Eastern Ohio including, *inter alia*, Franklin County. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

## Facts Common to All Claims

5. At all relevant times, Fetch was employed by ODU as a physician's assistant.

6. By virtue of her employment with ODU, Fetch became an intended third-party beneficiary under the Policy. The Policy provides, *inter alia*, short-term and long-term disability income benefits for persons who are disabled, as defined by the Policy.

7. Fetch was forced to stop work in 2015 due to disability predicated upon NMDAR encephalitis, depression, and anxiety.

8. Fetch timely applied to Aetna for short-term disability benefits.

9. Aetna approved Fetch's application for short-term disability benefits and paid her short-term disability claim through the end of the short-term disability period.

10. Fetch then applied for long-term disability benefits under the Plan.

11. Aetna denied Fetch's application for long-term disability benefits.

12. Fetch timely appealed Aetna's decision, submitting additional evidence in support of her claim.

13. Despite this additional evidence, Aetna denied Fetch's appeal.

14. Fetch has now exhausted her administrative remedies.

### Count I – For Breach of Contract

15. The foregoing allegations are incorporated by reference as if fully rewritten herein.

16. Fetch brings this claim under the common law of Ohio.

17. Fetch is disabled under the terms of the Policy and is entitled to benefits.

18. In failing and refusing to provide those benefits, Aetna has breached the terms of the Policy.

19. As a direct and proximate result of Aetna's breach of contract, Fetch has suffered damage.

### Count II – For Bad Faith

20. The foregoing allegations are incorporated by reference as if fully rewritten herein.

21. Fetch brings this claim under the common law of Ohio.

22. Aetna's refusal of Fetch's claim lacked a reasonable basis in law or in fact in that Fetch's claim was supported by overwhelming evidence, including evidence offered by Fetch's physicians, family, and friends.  Aetna ignored this evidence in favor of file reviews from physicians who had never examined Fetch.

23. In failing fairly to consider the evidence, and reaching, instead, a decision that was not reasonable on its face, Aetna acted in bad faith.

24. As a direct and proximate result of Aetna's breach of contract, Fetch has suffered damage.

WHEREFORE, the Plaintiff, Julie Fetch, demands judgment in her favor and against Aetna as follows:

A. A determination that Fetch is disabled and is entitled to benefits under the Policy;

B. An award of benefits in the form of a single lump sum representing monthly benefits that Fetch should have received from the date her benefits should have become payable and continuing until the date of judgment;

C. A further order directing Aetna to pay to Fetch a monthly disability benefit, beginning on the date of judgment and continuing until Fetch is no longer disabled under the terms of the Policy;

D. Additional compensatory damages, in an amount to be determined at trial, for Aetna's bad faith;

E. Punitive damages;

F. Pre-judgment and post-judgment interest;

G. Attorney's fees and the costs of this action; and

H. Such other and further relief as the Court determines to be equitable and just.

        Respectfully submitted,

        /s/ Tony C. Merry
Tony C. Merry   (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio 43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands trial by jury.

>                /s/  Tony C. Merry
> Tony C. Merry         (0042471)